UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JARVIS JERMAINE SHELVIN**     LA. DOC #553490 VS. | **CIVIL ACTION NO. 6:14-cv-0584** **SECTION P** **JUDGE HAIK** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE HANNA** |

REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* filed on behalf of Jarvis Jermaine Shelvin pursuant to 28 U.S.C. §2254 on March 18, 2014.  Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections.  He is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  Petitioner attacks his 2009 conviction for second degree murder, entered by the Fifteenth Judicial District Court for Lafayette Parish, Louisiana, for which he is serving a life sentence.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.  For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

LAW AND ANALYSIS

By this proceeding, Shelvin attacks his 2009 conviction for second degree murder imposed by the Fifteenth Judicial District Court for Lafayette Parish, Louisiana for which he is serving a life sentence.  This court's records demonstrate that Shelvin has filed a previous federal petition for writ of *habeas corpus* in which he attacked this same

conviction and sentence. *Jarvis Jermaine Shelvin v. Warden Burl Cain*, No. 6:13-cv-2310 (W.D. La. 2013). Shelvin asserted the following claims for relief: (1) there was insufficient evidence of identity; (2) prejudicial crime scene photographs were introduced into evidence; (3) prejudicial amendment of the charges from first degree to second degree murder; (4) petitioner was prevented form presenting a defense; (5) the court reporter failed to record bench conferences; (6) the State presented improper argument; (7) the State failed to disclose a deal made with the co-defendant; (8) the Court failed to instruct the jury when asked for clarification; and (9) that petitioner received ineffective assistance of trial and appellate counsel.

That petition was denied and dismissed with prejudice on December 16, 2013, following a Report and Recommendation and a Supplemental Report and Recommendation by the undersigned Magistrate Judge, because the petition was barred by the one-year limitation period set forth in 28 U.S.C. § 2244(d). [*Id.* at rec. docs. 7, 10 and 12]. Shelvin's request for a Certificate of Appealability was denied by the United States Fifth Circuit Court of Appeals on August 6, 2014. [*Shelvin v. Cain*, No. 14-30047 (5th Cir. 2014)].

The instant petition for federal *habeas corpus* relief was filed on Shelvin's behalf on March 18, 2012. In this petition, Shelvin again seeks to attack his 2009 second degree murder conviction for which he is serving a life sentence. He raises the following claims: (1) that he received ineffective assistance of counsel; (2) that his indictment was illegally amended; (3) that evidence of a conspiracy was improperly admitted; (4) that no jury

2

charge on conspiracy or principals to a crime was given by the trial court and (5) that there was discrimination in the selection of the grand jury foreman.

This is Shelvin's second attempt to collaterally attack, in this federal Court, his Louisiana state court conviction for second degree murder and the life sentence imposed by the Fifteenth Judicial District Court for Lafayette Parish, Louisiana, which conviction and sentence was the subject of his previous federal petition. The instant action is therefore unquestionably a § 2254 action which under 28 U.S.C. § 2244 is "second or successive".[1]

The petition attacks the same conviction and sentence that was the subject of Shelvin's previous petition. The claims raised herein were raised or could have been raised in the previous petition. Moreover, Shelvin's first petition was denied and dismissed with prejudice as barred by the one-year time limitation set forth in 28 U.S.C. § 2244(d). Although a dismissal based upon the statute of limitation does not include an

---

[1] The Supreme Court has found that the phrase "second or successive" does not encompass all "applications filed second or successively in time." " *In re Lampton*, 667 F.3d 585, 588 (5th Cir. 2012) *citing Magwood v. Patterson*, 561 U.S. 320, 130 S.Ct. 2788, 2796 (2010). Rather, it "must be interpreted with respect to the judgment challenged." *Id. citing Magwood*, 130 S.Ct. at 2797. AEDPA's bar on second or successive petitions therefore applies to a later-in-time petition that challenges the same judgment imposing the same sentence as an earlier-in-time petition. *Id. citing Burton v. Stewart*, 549 U.S. 147, 156, 127 S.Ct. 793 (2007). The Supreme Court has further held that the phrase "second or successive" applies to an entire application, not individual claims in an application. *Magwood*, 130 S.Ct. at 2798 ("AEDPA uses the phrase 'second or successive' to modify 'application.'").
  The Fifth Circuit has found that "an application filed after a previous application was adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) *citing Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Thus, the Fifth Circuit has suggested a focus of the inquiry is whether in the prior petition, the petitioner received an adjudication on the merits of his claims.
  The Fifth Circuit has also found that a later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In Re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

examination of the merits of the underlying substantive claims presented in the petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA.[2]

---

[2] *See In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (*per curiam*); *Jacquet v. Cooper,* 2012 WL 2049951, *2 (W.D. La. 2012) *citing Barrow v. Cain,* 2007 WL 1035023, *2 (W.D. La. 2007) *citing Villanueva v. United States,* 346 F.3d 55, 61 (2nd Cir. 2003), *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005), *Guyton v. United States,* 23 Fed. Appx. 539, 540 (7th Cir. 2001) (dismissal of a *habeas* petition "because the district court determined, albeit erroneously, that it was not filed within the applicable statute of limitations . . . operates to dispose of the case on the merits as much as an erroneous finding that a petitioner had failed to state an element of a claim."), *Gray v. Dretke*, 2005 WL 1768750, *2 (S.D. Tex. 2005), *United States v. Casas,* 2001 WL 1002511, at *2 (N.D. Ill. 2001) (holding that the dismissal of a prior federal petition under the statute of limitation is "akin to a dismissal on the merits, and thus bars a subsequent petition" unless authorized by the court of appeals), *Reyes v. Vaughn*, 276 F. Supp.2d 1027, 1029 (C.D. Cal. 2003) (holding that a previous dismissal based on the statute of limitations "is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under AEDPA."); *United States v. Harris*, 2002 WL 31859440, *3 (E.D. Pa. 2002) ("the term 'second or successive petition'...whose post-AEDPA meaning by necessity includes habeas petitions by defendants whose initial petitions were dismissed on statute of limitations grounds."), *Lee v. Cain,* 2007 WL 2446123 (W.D. La. 2007), *Middleton v. Cain,* 2007 WL 2081003, *2 (W.D. La. 2007), *Cate v. Ayers,* 2001 WL 1729214, at *3-4 (E.D. Cal. 2001) (stating that "[t]he law is clear that a dismissal based on the statute of limitations is an adjudication of the merits of the claim" and "operates as a final judgment on the merits" thus, holding that a petition for federal *habeas corpus* relief was successive within the meaning of section 2244(b) because the petitioner previously had filed a federal petition that was dismissed as untimely), *Plaut v. Spendthrift Farm,* 514 U.S. 211, 228, 115 S.Ct. 1447, 1457, 131 L.Ed.2d 328 (1995) *citing United States v. Oppenheimer,* 242 U.S. 85, 87-88, 37 S.Ct. 68, 61 L.Ed. 161 (1916) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits."), *Mathis v. Laird,* 457 F.2d 926, 927 (5th Cir.), *cert. denied,* 409 U.S. 871, 93 S.Ct. 201, 34 L.Ed.2d 122 (1972) ("A ruling based on the statute of limitations is a decision on the merits for *res judicata* purposes.")and *In re Marino,* 181 F.3d 1142, 1144 (9th Cir. 1999) (same); *United States v. Garcia*, 516 Fed. Appx. 704, (10th Cir. 2013) *citing In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (*per curiam*) *citing Quezada v. Smith*, 624 F.3d 514, 519–20 (2nd Cir. 2010) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." (additional internal quotation marks omitted), *In re Flowers*, *supra.*, *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ("We hold that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)."), *Murray v. Greiner*, 394 F.3d 78, 79 (2nd Cir. 2005) (holding "that dismissal of a § 2254 petition for tardiness under § 2244(d)(1) renders future challenges to the same conviction under § 2254 'second or successive' and subject to the requirements of § 2244(b)(1) through (4)"), and *Altman v. Benik*, 337 F.3d 764, 765 (7th Cir. 2003) (*per curiam*) (holding that "previous untimely petition does count as a prior application under § 2244(b)")

Before a second or successive petition may be considered by this Court, Shelvin must obtain authorization to file the second or successive petition from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A).[3] The record does not show in this case that Shelvin has received such authorization. Until such time as Shelvin obtains said authorization, this Court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

The law is clear that this Court cannot entertain the merits of this petition without authorization from the Fifth Circuit as mandated by 28 U.S.C. § 2244(b)(3)(A). The record fails to show that petitioner has received such authorization from the Fifth Circuit. Therefore, the undersigned finds that this petition should be dismissed.[4] Accordingly;

**IT IS RECOMMENDED** that the instant action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties

---

[3] 28 U.S.C. § 2244(b)(3)(A) provides in part, "[b]efore a second or successive application permitted by this section [§ 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[4] Although some district courts have transferred second or successive petitions to the Fifth Circuit for authorization, a transfer is not mandatory. *See In Re Epps*, 127 F.3d 364 (5th Cir. 1997) (adopting a procedure to be used when a successive petition filed without prior authorization is transferred); *See also United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015) *citing In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (*per curiam*). To the contrary, a district court may dispose of a petition lacking authorization through dismissal. *Fulton*, 780 F.3d at 686 *citing United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Under the facts and circumstances of this case, the undersigned concludes that the appropriate action for this Court to take is to dismiss this action due to petitioner's failure to obtain proper authorization from the United States Fifth Circuit Court of Appeals. This is particularly the case given that this petition, like his prior petition, appears to be untimely and barred by the one-year limitation period set forth in 28 U.S.C. § 2244(d).

aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

In Chambers, Lafayette, Louisiana, on August 31, 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

COPY SENT:

DATE:   8/31/2015
BY:         EFA
TO:          RTH; pj

6